UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARWAN IBRAHIM AL SHAER,**

    **Plaintiff,**

**v.**                                                                               **Case No: 5:21-cv-58-PRL**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Petition for Attorney's Fees. (Doc. 29). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), Plaintiff requests an award of fees in the amount of $3,151.84, plus expenses in the amount of $5.86. The attached schedules of hours confirm the attorney hours. (Doc. 29-1). The Commissioner objects to Plaintiff's petition. (Doc. 30).

A claimant is eligible for an EAJA attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Here, there is no dispute that the claimant here was the prevailing party, timely applied for attorney's fees, had a net worth of less than $2 million at the time of filing the complaint, and that there are no special circumstances making an award of expenses unjust. However,

the Commissioner contends that her position was substantially justified because "the ALJ arguably analyzed the testimony of Plaintiff and his subjective complaints regarding the side effects[.]" (Doc. 30 at 3). Under the EAJA, the government's position is substantially justified "when it is 'justified to a degree that would satisfy a reasonable person'—*i.e.* [sic], when it has a reasonable basis in both law and fact." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (first citing *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995); then citing *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988)).

As the plaintiff argues, the Commissioner's position was not substantially justified, as the ALJ's decision failed to comply with appropriate legal standards in the regulations. I agree with the plaintiff, that like in *Fischer v. Berryhill*, the Commissioner's position is not substantially justified for a "fail[ure] to adequately articulate reasons supported by substantial evidence for discrediting Plaintiff's subjective complaints." *Fischer*, No. 1:14-CV-196-WS-GRJ, 2017 WL 1078446, at *2 (N.D. Fla. Feb. 21, 2017), *report and recommendation adopted*, No. 1:14CV196-WS/GRJ, 2017 WL 1074934 (N.D. Fla. Mar. 21, 2017).

## I. Discussion

A fee award under the EAJA must be reasonable. *Schoenfeld v. Berryhill,* No. 8:17-CV-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)). A reasonable attorney's fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support. *Id.* Reasonable fees exclude excessive, unnecessary, and redundant hours. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301-02 (11th Cir. 1988). As with any petition for fees, the Court may use its own expertise and judgment to make an

appropriate independent assessment of the reasonable value of an attorney's services. *Winkler v. Cach*, *LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012).

Here, Plaintiff seeks attorney's fees representing 0.9 hours of admitted-attorney time, 20.3 hours of non-admitted attorney time,[1] and 5.6 hours of paralegal time. Attorney Suzanne Harris seeks fees at the rate of $214.29 for 0.8 hours in 2021, and $229.05 for 0.1 hour in 2022; non-admitted Attorneys Howard D. Olinsky, Karen Tobin, Andrew Flemming, and Edward Wicklund seeks fees at the rate of $125.00 per hour for 20.3 hours; and Paralegals Jake Marshall, Nicole Addley, Krista Eckersall, Jullian Latocha, Jordan Harcleroad, Katie Kimberly, Katelynn Bresnahan, Kristen Harrington, and Catherine Fiorini request fees at the rate of $75.00 an hour. The Commissioner objects to the attorneys' and paralegals' time arguing compensation is sought for hours not reasonable expended—specifically for clerical tasks, redundant tasks, and time contributed to requesting an extension of time.

**A. Clerical Tasks**

Time spent on clerical tasks—regardless of whether it is performed by an attorney or a paralegal—is considered a non-compensable overhead expense under the EAJA. *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (citing *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)). Here, the Commissioner objects to compensation for the following work, arguing it is purely clerical in nature:

| 2/1/2021 | Review case assigned to Senior Judge G. Kendall Sharp and Magistrate Judge Philip R. Lammens | 0.1 | Howard D. Olinsky (non-admitted attorney) |
|---|---|---|---|
| 2/10/2021 | Review summons issued as to defendants | 0.1 | Howard D. Olinsky |

---

[1] Additionally, Plaintiff seeks attorney's fees representing 2.8 hours of non-admitted attorney time in preparing a reply in support of the motion to compel, for a total of 23.1 hours. (Doc. 33 at 7).

| 7/28/2021 | Review notice of appearance by Nadine Elder o/b/o Commissioner of SS | 0.1 | Howard D. Olinsky |
|---|---|---|---|
| 7/29/2021 | Combine, OCR and Live Bookmark Federal Court Transcript (499 pages) | 0.5 | Katelynn Bresnahan (paralegal) |
| 1/21/2022 | Review order approving consent to magistrate jurisdiction | 0.1 | Howard D. Olinsky |
| 7/27/2022 | Federal Court – remand referral to Hearing Department | 0.2 | Kristen Harrington (paralegal) |

The Court finds that the above tasks are clerical and should not be compensated, besides the 0.1 hours non-admitted Attorney Howard D. Olinsky spent on January 1, 2022, reviewing the order approving consent to the magistrate judge's jurisdiction. *See, e.g.*, *Robinson v. Comm'r of Soc. Sec.*, No. 2:14cv391-FtM-CM, 2016 WL 25912, *3 (M.D. Fla. Jan. 4, 2016) (finding compensable time spent preparing service of process). The remaining tasks, however, appear to be clerical in nature and are not linked to the actual completion of any legal work. *See, e.g.*, *Zayas o/b/o J.X.A. v. Comm'r of Soc. Sec.,* 8:18-cv-2918-T-MAP, at 3 (M.D. Fla. June 12, 2020) (finding "finalize EAJA Narrative, Time Slips, Exhibits" non-compensable); *Stone v. Comm'r of Soc. Sec.*, No. 3:16-cv-1588, Doc. 27 at 4-5 (Aug. 22, 1018) (eliminating compensation for "Files received, reviewed and process from referral source," FDC prospect packet, OCR, combining and bookmarking of administrative transcript); *Wood v. Comm'r of Soc. Sec.*, No. 2:15-cv-437-FtM-29CM, 2017 WL 2298190, at *3 (M.D. Fla. May 26, 2017) (finding 'Federal Court forms packet prepared for Client completion, mailed via USPS,' 'FDC prospect packet returned via Right Signature/Reviewed for completion,' and 'Download, File and Save Transcript, OCR and live bookmark' to be non-compensable clerical tasks); *Weaver v. Comm'r of Soc. Sec.*, No. 6:07-cv-1082-ORL-19KRS, 2008 WL 2370187, at *2 (M.D. Fla. June 6, 2008) (denying compensation for preparation and submission of retainer agreement).

Accordingly, the Court will reduce the requested paralegal time by 0.7 hours, and the requested non-admitted attorney time by 0.3 hours.

### B. Duplicative Work

Next, the Commissioner argues that a fee reduction is necessary for hours attributable to work duplication. When "attorneys are *unreasonably* doing the *same* work" it is duplication necessitating a reduction in the fee award. *Jean v. Nelson*, 863 F.2d 759, 772-73 (11th Cir. 1988), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990) (citing *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983), *modified, Gaines v. Dougherty Cnty. Bd. of Educ.*, 775 F.2d 1565 (11th Cir. 1985)). Specifically, the Commissioner objects that the following hours are redundant:

| 1/29/2021 | Draft Complaint and Civil Cover Sheet | 0.4 | Howard D. Olinsky (non-admitted attorney) |
|---|---|---|---|
| 1/29/2021 | Review motion for leave to proceed in forma pauperis, approve for filing | 0.1 | Howard D. Olinsky |
| 1/29/2021 | Review initial case documents, approve for filing | 0.2 | Suzanne Harris (admitted attorney) |
| 11/18/2021 | Senior attorney review of draft brief, edits, send to local counsel for review | 1.0 | Edward Wicklund (non-admitted attorney) |
| 11/18/2021 | Review draft brief prepared by co-counsel, edits, finalize and file Plaintiff's brief (n/c for filing) | 0.4 | Suzanne Harris |

It appears these hours were reasonably expended by the attorneys in preparing and reviewing their work. As Plaintiff's counsel points out, under Federal Rule of Civil Procedure 11, "Ms. Harris is required to review pleadings before they are filed, as she is the attorney of record."

(Doc. 33 at 5). Therefore, it seems that the duplication of work is reasonable here, and accordingly, the Court will not reduce the fee award for these hours.

### C. Extension of Time

Next, the defendant seeks to reduce the fee for hours attributable to Plaintiff's request for an extension of time. (Docs. 21 & 22). Specifically, the Commissioner seeks to exclude:

| | | | |
|---|---|---|---|
| 3/16/2021 | Emails with opposing counsel re: extension to file Plaintiff's brief | 0.1 | Jordan Harcleroad (paralegal) |
| 9/16/2021 | Draft motion for extension of time re: Plaintiff's brief, send to Local Counsel for review | 0.3 | Howard D. Olinsky (non-admitted attorney) |
| 9/20/2021 | Review order granting motion for extension of time re: Plaintiff's brief, docket revised deadline | 0.1 | Howard D. Olinsky (non-admitted attorney) |

As the plaintiff points out, "[w]here the party seeking fees has filed unopposed motions for extensions of time for the benefit and convenience of that party alone and for reasons beyond the control, and at no fault, of opposing counsel, those fees are not compensable at taxpayer expense and will be denied." *Nelson v. Colvin*, 8:14-cv-02297-EAK-MAP, 2015 WL 5867439, at *1 (M.D. Fla. Oct. 5, 2015) (citations omitted); (Doc. 33 at 6). Here, the motion for an extension of time was unopposed, and contrary to Plaintiff's contention, the Commissioner's actions failed to cause the need to file an extension. While there was a delay in Defendant producing records, as Plaintiff states, it was "[d]ue to the backlog of transcripts created by COVID-19" rather than a willful failure. (Doc. 21 at 2). Accordingly, the Court will reduce the requested paralegal time by 0.1 hours and non-admitted attorney time by 0.4 hours.

### D. Reply to Response Opposing EAJA Fees

Finally, Plaintiff seeks attorney's fees for drafting his reply supporting his motion for EAJA fees, specifically, an additional $350 for 2.8 hours of non-admitted attorney work. (Doc. 33 at 7). Plaintiff contends that counsel spent 0.2 hours reviewing Defendant's response, 2.3 hours drafting the reply, 0.2 hours reviewing, and 0.1 hours for editing, billing at a rate of $125 an hour. The Court finds these hours reasonable and will incorporate them into the fee award. *See Dewees v. Acting Comm'r of Soc. Sec.*, No. 6:21-CV-328-PDB, 2022 WL 1406667, at *5 (M.D. Fla. May 4, 2022) (allowing "[f]ees for time spent preparing a reply to a response to an EAJA request") (citations omitted).

## II.     Conclusion

Accordingly, pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. § 2412(d)), Plaintiff's motion (Doc. 24) is **GRANTED** to the extent that Plaintiff is awarded a total of $3,354.34 in attorney's fees and $5.86 in expenses.[2] Based on Plaintiff's assignment of EAJA fees to his counsel (Doc. 29-20), payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Ocala, Florida on November 29, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The number is reached as follows: 4.8 hours x $75.00 + 22.4 hours x $125.00 + 0.8 hours x $214.29 + 0.1 hours x $229.05.